# Exhibit 3

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
### Eastern District of New York

Index Number: 09 4805

Date Filed: 11/4/2009

Plaintiff:
**AMTRUST BANK**

vs.

Defendant:
**MALIK, et al.**

For:
Thompson Hine LLP
335 Madison Avenue
12th Floor
New York, NY 10017

Received these papers to be served on **PANKAJ MALIK, 75-35 31ST AVENUE, SUITE 207A, ELMHURST, NY 11370.**

I, Edward Soltan, being duly sworn, depose and say that on the **9th day of November, 2009** at **4:22 pm, I:**

Served A Suitable Age Person by delivering and leaving a true copy of the Summons In A Civil Action & Complaint with Sharisse "Doe", Receptionist, authorized to accept on behalf of, at the above named address; the said premises being usual place of business. Deponent completed service by depositing a copy of the said documents in a postpaid properly addressed envelope, bearing the words "Personal & Confidential" by First Class Mail on November 11, 2009 in an official depository of the U.S.P.S. in the State of New York.

**Military Status:** Based upon my inquiry of the party served, the within named person is not in the military service of the United States of America.

**Description** of Person Served: Age: 29, Sex: F, Race/Skin Color: Indian, Height: 5'7", Weight: 145, Hair: Black, Glasses: N

I am over the age of 18, am not a party in the above action, and am a Certified Process Server, in good standing, in the jurisdiction in which the process was served.

Subscribed and sworn to before me on the 11th day of
November, 2009 by the affiant who is personally
known to me.

Tina A. McCarthy
Notary Public, State of New York
No. 01MC6115830
Qualified in Bronx County
Commission Expires 09/13/2012

Edward Soltan
C.P.S 1106540

Our Job Serial Number: 2020087621

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.2w

# AFFIDAVIT OF SERVICE

# UNITED STATES DISTRICT COURT
## Eastern District of New York

Index Number: 09-CV-4805

Date Filed: 11/4/2009

Plaintiff:
**Amtrust Bank,**

vs.

Defendant:
**Pankaj Malik, et. al.,**
**State of New York, County of Albany)ss.:**

Received these papers to be served on **Malik & Associates, P.C.**.

I, J.R. O'Rourke, being duly sworn, depose and say that on the **10th day of November, 2009 at 2:50 pm, I:**

Served the within named **CORPORATION** by delivering two true copies of the **Summons in a Civil Action and Complaint with Jury Demand Attached pursuant to section 306 BCL together with statutory service fee in the amount of $40.00** to Donna Christie as Business Document Specialist I of The New York State Department of State, 99 Washington Avenue, Albany, NY 12207, the New York State Department of State being the **Registered Agent** of record of the within named corporation, in compliance with state statutes.

**Description** of Person Served: Age: 46, Sex: F, Race/Skin Color: White, Height: 5' 4", Weight: 160, Hair: Blond, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server in good standing in the jurisdiction in which the process was served.

Subscribed and Sworn to before me on the 17th day
of November, 2009 by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

PATRICIA A. BURKE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01BU4922372
Qualified in Albany County
My Commission Expires February 28, _____ 2010

_____
J.R. O'Rourke
Process Server

Our Job Serial Number: 2009003957

Copyright © 1992-2009 Database Services, Inc. - Process Server's Toolbox V6.3x

## AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
### Eastern District of New York

Index Number: 09 4805

Date Filed: 11/4/2009

Plaintiff:
**AMTRUST BANK**

vs.

Defendant:
**MALIK, et al.**

For:
Thompson Hine LLP
335 Madison Avenue
12th Floor
New York, NY 10017

Received these papers to be served on **MALIK & ASSOCIATES, P.C., 75-35 31ST AVENUE, SUITE 207A, EAST ELMHURST, NY 11370.**

I, Edward Soltan, being duly sworn, depose and say that on the **9th day of November, 2009** at **4:22 pm, I:**

Served the above Named Entity by delivering a true copy of the **Summons In A Civil Action & Complaint** to Sharisse "Doe", Receptionist, as authorized to accept on behalf of the above Named Entity.

**Description** of Person Served:  Age: 29,  Sex: F,  Race/Skin Color: Indian,  Height: 5'7",  Weight: 145,  Hair: Black, Glasses: N

I am over the age of 18, am not a party in the above action, and am a Certified Process Server, in good standing, in the jurisdiction in which the process was served.

Subscribed and sworn to before me on the 11th day of
November, 2009  by the affiant who is personally
known to me.

Tina A. McCarthy
Notary Public, State of New York
No. 01MC6115830
Qualified in Bronx County
Commission Expires 09/13/2012

Edward Soltan
C.P.S 1106540

Our Job Serial Number: 2020087615

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.2w

# EXHIBIT 4

# Documents Subject to Protective Order of June 29, 2010

# Exhibit 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

FEDERAL DEPOSIT INSURANCE                     :
CORPORATION AS RECEIVER                        :
FOR AMTRUST BANK,                              :
                                               :
                                               :          **09 CV 4805**
                                               :          **(DGT) (JMA)**
                                               :
                                               :
                          Plaintiff,           :
                                               :
          - against -                          :
                                               :
PANKAJ MALIK; MALIK & ASSOCIATES;              :          **RULE 26 INITIAL**
P.C.; ARTISAN MORTGAGE COMPANY, INC.;          :          **DISCLOSURES**
STREAMLINE MORTGAGE CORPORATION;               :
GENESIS HOME MORTGAGE CORP.; LINK              :
ONE MORGTAGE BANKERS LLC; GLOBAL               :
FINANCIAL, INC.; RESOURCE ONE, INC.;           :
ACORN FUNDING GROUP, INC.; SI MORTGAGE         :
COMPANY; NMR ADVANTAGE ABSTRACT LTD.;          :
GEORGE ALDERDICE; NICHOLAS A. PELLIGRINI;      :
ANTONIETTA RUSSO; and JOHN DOES 1-10           :
                                               :
                          Defendants.          :
----------------------------------------------------------------------------X

Defendants, PANKAJ MALIK and MALIK & ASSOCIATES, P.C. (hereinafter

"Defendants"), by its attorneys, Furman Kornfeld & Brennan LLP, as and for its Initial

Disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure respond as follows:

1.      The name, and if known, the address and telephone number of each individual likely to

have discoverable information that the disclosing party may use to support its claim or defense,

unless solely for impeachment, identifying the subjects of the information:

        The following individuals may have knowledge or information relating to the claims and

defenses in the above-referenced matter:

    a.   The parties named in the above caption, whose identities, addresses and telephone numbers are already known by and/or are equally available to Plaintiff;

    b.   Employees/former employees of the parties in the above caption, whose identities are not yet known;

    c.   Individuals whose identities are not yet known and who may be identified by Plaintiff and Defendants during the course of discovery;

    d.   Individuals whose identities are not yet known/identified who may be identified in the documents described in response to paragraph "2," *infra,* and/or in the pleadings in the within action.

2.     A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

     Copies of the following documents are located at the Defendants' place of business, 75-35 31st Avenue, Suite 207A, East Elmhurst, New York 11370, and will be made available to Plaintiff's counsel in support of Defendants' defenses at Furman, Kornfeld & Brennan LLP, 545 Fifth Avenue, Suite 401, New York, New York 10017:

    a.   All pleadings served in the instant matter;

    b.   Defendant's entire file from the underlying transactions, which upon information and belief is already equally available to Plaintiff in its capacity as Receiver for AmTrust Bank.

3.     A computation of any category of damages claimed by the disclosing party.

    a.   Not applicable to Defendants.

4.     Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment, which may be entered in the action, or to indemnify or reimburse for payments made to satisfy the judgment:

        a.    Zurich North America policy number LPL 5387902-5 with applicable limits of $2,000,000 per claim and $2,000,000 in the aggregate.

Defendants PANKAJ MALIK and MALIK & ASSOCIATES, P.C. reserves its right to supplement and/or amend the foregoing disclosures should additional information become available.

Dated:      New York, New York
              April 30, 2010

                                       FURMAN KORNFELD & BRENNAN LLP

                                       By: _____/s_____
                                       Andrew R. Jones, Esq.
                                       Izabell Lemkhen, Esq.
                                       *Attorneys for Defendants*
                                       PANKAJ MALIK and MALIK &
                                       ASSOCIATES, P.C.
                                       545 Fifth Avenue, Suite 401
                                       New York, New York 10017
                                       (212) 867-4100
                                       File No.: 301.120

TO:    Jennifer A. Lesny Fleming, Esq.
        Thompson Hine LLP
        *Attorneys for Plaintiff*
        F.D.I.C. as Receiver for AmTrust Bank
        3900 Key Center
        127 Public Square
        Cleveland, Ohio 44114
        (216) 566-5500

## CERTIFICATE OF SERVICE

I certify that on this 30th day of April, 2010, I served a copy of the foregoing Initial Disclosures via electronic mail upon the following:

Jennifer A. Lesny Fleming, Esq.
Thompson Hine LLP
*Attorneys for Plaintiff*
FDIC as Receiver for AmTrust Bank
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Tel: 216-566-5500
jennifer.fleming@thompsonhine.com

/s

_____
ANDREW R. JONES, ESQ.

# Exhibit 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for AmTrust Bank,

09 CV 04805
(DGT) (JMA)

Plaintiff,

**DEFENDANTS' RESPONSES
TO PLAINTIFF'S FIRST SET
OF REQUESTS FOR
PRODUCTION OF
DOCUMENTS DIRECTED
PANKAJ MALIK AND MALIK
& ASSOCIATES, P.C.**

- against –

PANKAJ MALIK, et al.,

Defendants.

-------------------------------------------------------------------X

Defendants PANKAJ MALIK and MALIK & ASSOCIATES, P.C., (hereinafter "Defendants") by and through their attorneys FURMAN KORNFELD & BRENNAN LLP, as and for their response to Plaintiff's First Set of Requests for Production of Documents respectfully allege as follows upon information and belief:

Defendants hereby incorporate by reference each of the following General Objections in their responses to each specific interrogatory:

## GENERAL OBJECTIONS

A.      The Defendants object to Plaintiff's Request for Production of Documents to the extent that they attempt to impose obligations upon the Defendants that are inconsistent with and/or in addition to those imposed by the Federal Rules of Civil Procedure.

B.      The Defendants object to each and every demand in Plaintiff's Request for Production of Documents to the extent that it seeks to require the Defendants to organize their responses to the demands by any method other than that in which the records are kept in the normal course of business on the grounds that to do otherwise would impose an undue burden and unreasonable expense on the Defendants.

1

C.     The Defendants object to each and every demand in Plaintiff's Request for Production of Documents to the extent it purports to require the disclosure of matters protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein invoked and asserted. The inadvertent production of any information subject to such privileges or protection is not intended to relinquish any privilege or protection and shall not be deemed to constitute a waiver of any applicable privilege or protection.

D.     The Defendants object to each and every demand in Plaintiff's Request for Production of Documents to the extent it purports to seek production of information that is not relevant to the subject matter of this action and is not reasonably calculated to lead in the discovery of admissible evidence in this action.

E.     The Defendants object to each and every demand in Plaintiff's Request for Production of Documents to the extent that it is vague, ambiguous, and ill-defined.

F.     The Defendants object to each and every demand in Plaintiff's Request for Production of Documents to the extent that the compilation of such information would be unduly burdensome, oppressive, unreasonably expensive, and/or would require unreasonable investigation on the part of the Defendants.

G.     The Defendants object to each and every demand in Plaintiff's Request for Production of Documents to the extent that the information sought is a matter of public record and is equally accessible and available through an examination of public records.

H.     The Defendants object to each and every demand in Plaintiff's Request for Production of Documents to the extent it seeks information not within the Defendants' possession, custody or control on the grounds that said discovery is overly broad, unduly

burdensome, and could require the Defendants to search for non-party information and answer on behalf of non-parties.

      I.     The Defendants object to each and every demand in Plaintiff's Request for Production of Documents to the extent that it seeks information that is already in the possession of the Plaintiff or information that is equally accessible to the Plaintiff.

      J.     The Defendants object to each and every demand in Plaintiff's request for Production of Documents to the extent that it seeks information prior to April 16, 2008 and subsequent to December 12, 2008.

      K.     Any documents provided by the Defendants in response to Plaintiff's Request for Production of Documents is made on the basis of the best information available to the Defendants at the time of gathering responsive materials, within the limits of, and subject to the Defendants' general and specific objections to the aforementioned request. The fact that the Defendants are willing to provide responsive information to any particular request does not constitute an admission or acknowledgment that the demand is proper, that the information it seeks is within the proper bounds of discovery, or that demands for similar information will be treated in similar fashion. Furthermore, any and all responses provided pursuant to the aforementioned request are for the purposes of this action only, and are not responses for any other purpose, nor may they be used against the Defendants in any other proceedings. The Defendants reserve the right to supplement or modify their responses and objections if and as additional information becomes available.

      In addition to these General Objections, the Defendants may also make, where appropriate, other specific objections to individual request. By setting forth such specific objections, the Defendants do not limit or waive the General Objections. To the extent that the

Defendants respond to the demands to which they object, such objections are not waived by such response.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**Request No. 1:**

All documents reviewed, consulted, identified, or referred to in your responses to Plaintiff's First Set of Interrogatories Directed to Malik & Associates, P.C. and Plaintiff's First Set of Interrogatories Directed to Pankaj Malik.

**Response to Request No. 1:**

Subject to the General Objections, the Defendants refer the Plaintiff to the underlying files pertaining to each of the twenty-one (21) properties that are the subject of this litigation, copies of which Defendants are currently in the process of providing to Plaintiff as part of its rolling production.

**Request No. 2:**

All documents, including without limitation Bank Records, concerning the receipt, disbursement, distribution, or disposition of any funds in connection with each of the real estate transactions identified in your response to Plaintiff AmTrust Bank's First Set of Interrogatories Directed to Defendant Malik & Associates, P.C., including, but not limited to, all documents concerning disbursements made by closing attorneys, earnest money deposits, payments by or on behalf of purchasers or borrowers, distributions to sellers, and payments made to release any mortgages or liens on the properties that are the subjects of the transactions.

**Response to Request No. 2:**

Defendants object to Request No. 2 insofar as it is duplicative of prior demands and Defendants' production of documents thereto.  Defendants further object to this demand on the

grounds that the information requested is equally available to Plaintiff in its capacity as Receiver for AmTrust Bank.   Subject to the foregoing Objection and the General Objections set forth herein, Defendants refer the Plaintiff to the documents contained in each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

**Request No. 3:**

Complete and unredacted bank statements for your attorney trust/IOLA account that detail all transactions in this account from November 1, 2008 to the present, unredacted copies of all checks paid from this account, and confirmations of all transfers into or out of the account for that same time-period.

**Response to Request No. 3:**

Defendants object to this demand insofar as it is vague, ambiguous, overbroad, unduly burdensome, and to the extent that it calls for the production of documents and information that is privileged, not relevant, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this demand insofar as it is duplicative of prior discovery demands and Defendant's production thereto.  Notwithstanding and without waiving or limiting these objections in any way, the Defendants are currently undertaking a search for the requested documents and will produce any non-privileged information responsive to this request through its attorneys under separate cover.

**Request No. 4:**

Complete and unredacted bank statements for any business or personal checking accounts maintained by you or your law firm at any time between November 1, 2008 and the present that detail all transactions in each of these accounts from November 1, 2008 to the present,

5

unredacted copies of all checks paid from these accounts, and confirmations of all transfers into or out of the accounts for that same time-period.

**Response to Request No. 4:**

Defendants object to this demand on the grounds that it is overbroad in both time and scope, unduly burdensome, and palpably improper to the extent that it calls for the production of documents and information that is privileged, not relevant, and/or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this demand insofar as it is duplicative of prior discovery demands and Defendant's production thereto.

**Request No. 5:**

Any and all documents concerning the Subject Properties, Subject Loans, and/or Borrowers, including but not limited to, email communications, internal notes, memoranda, letters, logs, or records.

**Response to Request No. 5:**

Defendants object to this demand on the grounds that it is vague, overbroad and unduly burdensome. Defendants further object to this demand on the grounds that the information requested is equally available to Plaintiff in its capacity as Receiver for AmTrust Bank. Subject to the foregoing Objection and the General Objections set forth herein, the Defendants refer Plaintiff to each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production. Upon information and belief, Defendants are not in possession of any other documents concerning communications responsive to this request other than those being provided as part of its rolling production.

**Request No. 6:**

Any and all documents concerning communications between you and AmTrust Bank of any kind in connection with the Subject Properties, Subject Loans, and/or Borrowers.

**Response to Request No. 6:**

Defendants object to this demand on the grounds that it is vague, overbroad, unduly burdensome, and duplicative of prior demands and Defendants' production thereto.   Subject to the foregoing Objection and General Objections set forth herein, Defendants refer Plaintiff to each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

**Request No. 7:**

Any and all documents, including but not limited to internal memoranda, notes, invoices, claims, documents, telephone logs, check registers, or disbursement logs, concerning any services provided by you to AmTrust Bank, including without limitation those services you provided pursuant to the Master Closing Instructions or Supplemental Closing Instructions relating to the Subject Loans, Subject Properties, and/or Borrowers.

**Response to Request No. 7:**

Defendants object to this demand on the grounds that it is vague, ambiguous, overbroad, and to the extent that it calls for the production of documents and information that is privileged, not relevant, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving or limiting these objections in any way, Defendants refer Plaintiff to each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

**Request No. 8:**

Any and all documents concerning the existence, form, and/or scope of any insurance coverage you have that may cover all or any part of the FDIC's claims in this action.

**Response to Request No. 8:**

Defendants object to this demand on the grounds that it is vague, ambiguous, overbroad, and to the extent that it calls for the production of documents and information that is privileged, not relevant, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving these objections, Malik & Associates, P.C., is insured by Zurich Policy No. LPL 5387902-5, with applicable limits of $2,000,000 per claim and in the aggregate.

**Request No. 9:**

Any and all documents concerning any communications between you and your insurance carrier(s) related to the claims in this action.

**Response to Request No. 9:**

Defendants object to this demand on the grounds that it is vague, ambiguous, overbroad, and palpably improper, to the extent that it calls for the production of documents and information that is privileged, not relevant, and/or not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 10:**

Any and all documents concerning your defenses and denials as contained in your Answer, including but not limited to, your allegation that "AmTrust's closing Instructions and Supplemental Closing Instructions were orally modified by AmTrust's employees, by custom and practice and by AmTrust's own review and approval of each and every Subject Loan which

was cleared to close by AmTrust employees/agents prior to each closing", or any other basis for a defense or denial that you contend is applicable to the FDIC's claims in this action.

**Response to Request No. 10:**

Defendants object to this demand on the grounds that it is vague, ambiguous, overbroad, and palpably improper to the extent that it calls for the production of documents and information that is privileged, not relevant, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding and without waiving or limiting these objections in any way, Defendants refer Plaintiff to each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

**Request No. 11:**

Any and all documents or communications concerning any and all appraisals of the Subject Properties.

**Response to Request No. 11:**

Subject to General Objections and to the extent that Defendants may be in possession of any documents responsive to this request, Defendant refer Plaintiff to each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff. Upon information and belief, Defendants are not in possession of any other documents concerning communications responsive to this request other than those being provided as part of its rolling production.

**Request No. 12:**

Any and all documents concerning communications between you and any of the persons that were originally named as defendants in the Complaint, or any agent or other third parties

employed by you or any of these persons, that concern the Subject Properties, the Subject Loans, the Borrowers, AmTrust Bank, and/or any of the allegations in the Complaint or your Answer.

**Response to Request No. 12:**

Defendants object to this demand on the grounds that it is vague, ambiguous, overbroad, and palpably improper to the extent that it calls for the production of documents and information that is privileged, not relevant, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the General Objections, Defendants refer Plaintiff to each of the twenty-one (21) underlying files, the copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

**Request No. 13:**

Any and all documents concerning communications between you and any third party that relates in any way to the Subject Properties, the Subject Loans, the Borrowers, AmTrust Bank, and/or any of the allegations in the Complaint or your Answer.

**Response to Request No. 13:**

Defendants object to this demand on the grounds that it is vague, ambiguous, overbroad, and palpably improper to the extent that it calls for the production of documents and information that is privileged, not relevant, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the General Objections, Defendants refer Plaintiff to each of the twenty-one (21) underlying files, the copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

**Request No. 14:**

Any and all documents concerning communications between you and any attorney for any buyer or seller of any of the Subject Properties, including but not limited to Fitzpatrick Dodson, Michel McNamara, Nanette Aridas, Ouzy Azoulay, Raj Maddiwar, Benjamin J. Turner, Cheddi B. Gobderdhan, Learie Wilson, Diego Estrada, Milton D. Ottensoser, Valdas Duoba, Carolyn Daley, Wally Duval, Cory Covert, Tamara Baraket, Otis A. Thompson, Marianne Gonzalez, Viscardi, Basner & Bigelow, P.C., and Ramon A. Martinez.

**Response to Request No. 14:**

Subject to General Objections and to the extent that Defendants may be in possession of any documents responsive to this request, Defendant refer Plaintiff to each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff. Upon information and belief, Defendants are not in possession of any other documents concerning communications responsive to this request other than those being provided as part of its rolling production.

**Request No. 15:**

Any and all documents that you plan to use at trial in this action.

**Response to Request No. 15:**

Defendants object to this request as vague, ambiguous, overbroad, and unduly burdensome. Defendants further object to this request as premature. Given the early stages of litigation, Defendants have not yet determined which documents will be used at trial. Notwithstanding and without waiving or limiting this Objection in any way, Defendants reserve the right to use any and all documents relating to the underlying mortgage transactions, as well as any and all documents which may be disclosed throughout the course of discovery.

11

**Request No. 16:**

Any and all documents concerning documents downloaded by you from AmTrust Bank's Gemstone system concerning the Subject Properties, Subject Loans, and/or Borrowers.

**Response to Request No. 16:**

Subject to General Objections and to the extent that Defendants may be in possession of any documents responsive to this request, Defendant refer Plaintiff to each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff. Upon information and belief, Defendants are not in possession of any other documents concerning communications responsive to this request other than those being provided as part of its rolling production.

**Request No.17:**

Your complete files in connection with each of the Subject Properties and/or Subject Loans.

**Response to Request No. 17:**

Subject to the General Objections set forth herein, Defendants refer Plaintiff to each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

**Request No. 18:**

Any and all documents concerning any indemnification offered or demanded in any way related to the Subject Properties or Subject Loans.

**Response to Request No. 18:**

Defendants object to this demand on the grounds that it is vague, ambiguous, overbroad, and to the extent that it calls for the production of documents and information that is privileged, not relevant, and/or reasonably calculated to lead to the discovery of admissible evidence. Upon

information and belief, Defendants are not in possession of any other documents concerning communications responsive to this request other than those being provided as part of its rolling production.

**Request No. 19:**

Any and all documents concerning the state of any title at closing for each of the Subject Properties.

**Response to Request No. 19:**

Subject to the General Objections, Defendants refer the Plaintiff to each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

Upon information and belief, Defendants are not in any possession of any documents responsive to this request other than those being provided as part of its rolling production. Defendants are undertaking efforts to ascertain the existence of additional documents responsive to this request as they relate to the subject transactions and will supplement this response by and through its attorneys under separate cover when and if such materials are found to exist.

**Request No. 20:**

Any and all documents concerning any connection, participation, or involvement you have had with the purchase, sale, or transfer of any of the Subject Properties at any time other than in your capacity as an agent of AmTrust Bank.

**Response to Request No. 20:**

Subject to General Objections, and upon information and belief, Defendants are not in any possession of any documents responsive to this request.

**Request No. 21:**

All documents concerning your duties as the closing attorney on behalf of AmTrust Bank for each of the loans on the Subject Properties, including without limitation, all documents showing who performed the duties of closing attorney, what notices required by the Master Closing Instructions and Supplemental Closing Instructions you provided to AmTrust Bank regarding sales of any of the Properties within I year prior to the closing of the sale involving the AmTrust Bank loan, documents reflecting who signed the Master Closing Instructions and the Supplemental Closing Instructions on your behalf for each AmTrust Bank loan on the Properties, documents reflecting any requests for exceptions from you, or approvals by AmTrust Bank to deviate from the Master Closing Instructions or Supplemental Closing Instructions.

**Response to Request No. 21:**

Defendants object to this demand on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and to the extent that it calls for the production of documents and information that is privileged, not relevant, and already in Plaintiff's possession. Notwithstanding and without waiving or limiting this Objection in any way, Defendants refer Plaintiff to each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

**Request No. 22:**

All documents concerning any approval you received from AmTrust Bank authorizing you to deviate from the Master Closing Instructions or Supplemental Closing Instructions.

**Response to Request No. 22:**

Defendants object to this demand on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and to the extent that it calls for the production of documents and information that is privileged, not relevant, and already in Plaintiff's possession.

14

Subject to the General Objections set forth herein, Defendants refer Plaintiff to each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

Defendants are undertaking efforts to ascertain the existence of additional documents responsive to this request as they relate to the subject transactions and will supplement this response by and through its attorneys under separate cover.

**Request No. 23:**

All documents concerning earnest money paid by any of the Borrowers, including without limitation, cashiers checks, certified checks, registered checks, or bank checks purporting to be the earnest money for any of the Subject Properties.

**Response to Request No. 23:**

Subject to the General Objections, Defendants refer Plaintiff to each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

Defendants are undertaking efforts to ascertain the existence of additional documents responsive to this request as they relate to the subject transactions and will supplement this response by and through its attorneys under separate cover when and if such materials are found to exist.

**Request No. 24:**

All documents concerning any payments made by or on behalf of any of the Borrowers in connection with the closing of any of the Subject Loans.

**Response to Request No. 24:**

Defendants object to this demand on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and to the extent that it calls for the production of documents and information that is privileged, not relevant, and already in Plaintiff's possession.

Notwithstanding and without waiving or limiting these objections in any way, the Defendants refer the Plaintiff to each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

**Request No. 25:**

All documents concerning any money paid to any of the Borrowers in connection with the closing of any of the Subject Loans.

**Response to Request No. 25:**

Subject to General Objections, Defendants refer Plaintiff to each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

**Request No. 26:**

All documents concerning any agreement between any Borrower and any third party to make any mortgage payment(s) for any of the Subject Properties.

**Response to Request No. 26:**

Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, and to the extent that it calls for the production of documents and information that is privileged and not within the Defendants' possession, custody and control. Upon information and belief, Defendants are not in possession of any other documents responsive to this request other than those being provided as part of its rolling production.

16

**Request No. 27:**

All documents concerning any disciplinary actions currently pending, or concluded within the past 5 years brought against you by any court or administrative agency of the State of New York.

**Response to Request No. 27:**

Defendants object to this demand on the grounds that it is vague, ambiguous, overbroad, palpably improper, and to the extent that it calls for the production of documents and information that is privileged, not relevant, and/or reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 28:**

To the extent not encompassed by the preceding requests, any and documents concerning correspondence to and from the Malik Defendants concerning the Subject Loans, Borrowers, Sellers, Defendants, Subject Properties, the Complaint, and or the Answer.

**Response to Request No. 28:**

Subject to General Objections, Defendants refer Plaintiff to each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.  Upon information and belief, Defendants are not in possession of any other documents responsive to this request other than those being provided as part of its rolling production.

**Request No. 29:**

To the extent not encompassed by the preceding requests, complete and accurate records detailing every deposit you made to your IOLA account from October 1, 2008 to the present.

**Response to Request No. 29:**

Defendants object to this demand on the grounds that it is vague, ambiguous, overbroad, duplicative of prior requests, and palpably improper to the extent that it calls for the production of documents and information that is privileged, not relevant, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the General Objections set forth herein, Defendants refer Plaintiff to each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

**Request No. 30:**

To the extent not encompassed by the preceding requests, complete wire transfer records for every wire transfer that concerns one or more of the Subject Loans.

**Response to Request No. 30:**

Defendants object to this demand on the grounds that it is vague, ambiguous, overbroad, duplicative of prior requests, and palpably improper to the extent that it calls for the production of documents and information that is privileged, not relevant, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the General Objections set forth herein, Defendants refer Plaintiff to each of the twenty-one (21) underlying files, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

Defendants are also undertaking efforts to ascertain the existence of additional documents responsive to this request as they relate to the subject transactions and will supplement this response by and through its attorneys under separate cover.

**Request No. 31:**

To the extent not encompassed by the preceding requests, any and all documents concerning any undisbursed funds related to the Subject Loans, including all documents concerning the identity of any and all persons to whom the undisbursed funds were to be disbursed.

**Response to Request No. 31:**

Subject to General Objections, and upon information and belief, Defendants are not in possession of any documents responsive to this request.

**Request No. 32:**

To the extent not encompassed by the preceding requests, any and all documents concerning the Complaint and/or Answer.

**Response to Request No. 32:**

In addition to the General Objections set forth herein, Defendants object to this request as being vague, overly broad, unduly burdensome, and palpably improper to the extent that it calls for materials which are privileged. Upon information and belief, Defendants are not in possession of any other documents concerning communications responsive to this request other than those being provided as part of its rolling production.

PLEASE TAKE NOTICE that the Defendants reserve their rights to supplement the foregoing responses to the extent that any additional information becomes available and/or at the conclusion of discovery or at any time up to and including at the time of Trial.

Dated: New York, New York
       October 4, 2010

FURMAN KORNFELD & BRENNAN LLP

/s

_____

A. Michael Furman, Esq.
Izabell Lemkhen, Esq.
Attorneys for Defendants
PANKAJ MALIK and MALIK & ASSOCIATES, P.C.
61 Broadway, Suite 2602
New York, New York 10006
Tel: (212) 867-4100
Fax: (212) 867-4118
Email: mfurman@fkbllp.com
         ilemkhen@fkbllp.com
File No.: 301.120

TO:     Laura Watson, Esq.
        William Jacobs, Esq.
        Steven S. Kaufman, Esq.
        Jennifer A. Lesny Fleming, Esq.
        Thompson Hine LLP
        Attorneys for Plaintiff
        3900 Key Center
        127 Public Square
        Cleveland, OH 44114
        Tel: (216) 566-5500
        Fax: (216) 566-5800
        Email: laura.watson@thompsonhine.com
               william.jacobs@thompsonhine.com
               steve.kaufman@thompsonhine.com
               Jennifer.fleming@thompsonhine.com

        Joseph W. Muccia Esq.
        Sunny Hyo Seon Kim, Esq.
        Thompson Hine LLP
        Attorneys for Plaintiff
        335 Madison Avenue
        12th Floor
        New York, NY 10017
        Tel: 212-344-5680
        Fax: 212-344-6101
        Email: joseph.muccia@thompsonhine.com
               sunny.kim@thompsonhine.com

Matthew Bryant, Esq.
Ohrenstein & Brown, LLP
Attorneys for Defendant
NMR ADVANTAGE ABSTRACT, LTD.
1010 Franklin Avenue
Garden City, NY 11530

Jeffrey S. Schwartz, Esq.
The Law Office of Jeffrey S. Schwartz
Attorneys for Defendant
ANTOINETTA RUSSO
410 E. Jericho Turnpike
Mineola, NY 11501

John M. Stravato, Esq.
Attorney for Defendant
ARTISAN MORTGAGE COMPANY, INC.
P.O. Box 298
Bethpage, NY 11714

Richard J. Soleymanzadeh, Esq.
Richard J. Soleymanzadeh, P.C.
Attorneys for Defendant
NICHOLAS PELLEGRINI
320 Nassau Blvd.
Suite 7
Garden City, NY 11530

William D. Moore, Esq.
Law Office of William D. Moore
Attorneys for Defendant
SI MORTGAGE COMPANY
51020 Main Road
Southold, NY 11971

Jonathan M. Cooper, Esq.
Attorney for Defendant
ACORN FUNDING GROUP, INC.
483 Chestnut Street
Cedarhurst, NY 11516

# Exhibit 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for AmTrust Bank,

                       Plaintiff,

      - against –

PANKAJ MALIK, et al.,

                  Defendants.

-----------------------------------------------------------------------X

**09 CV 04805
(DGT) (JMA)**

**DEFENDANT'S ANSWERS
TO PLAINTIFF'S FIRST SET
OF INTERROGATORIES
DIRECTED TO DEFENDANT
MALIK & ASSOCIATES, P.C.**

Defendant MALIK & ASSOCIATES, P.C. (hereinafter "Defendant") by and through its

attorneys FURMAN KORNFELD & BRENNAN LLP, as and for its responses to plaintiff's First

Set of Interrogatories respectfully alleges as follows upon information and belief:

## GENERAL OBJECTIONS

Defendant hereby incorporates by reference each of the following General Objections in

their responses to each specific interrogatory:

     1.     Defendant objects to these interrogatories to the extent that they seek to impose

duties beyond those required by the Federal Rules of Civil Procedure, or any applicable court or

local rules.  The responses to the Interrogatories herein will conform to the Federal Rules of

Civil Procedure.

     2.     Defendant objects to these interrogatories to the extent that they call for disclosure

of information protected by the attorney-client privilege, the attorney work-product doctrine, the

Federal Rules of Civil Procedure, or other applicable privileges and immunities.  Defendant does

not intend to waive the attorney-client privilege, or any other protection, and these responses

shall not be deemed to be any such waiver.

3.      Defendant objects to these interrogatories to the extent that they are vague, ambiguous, overly broad, unduly burdensome, and seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendant objects to these interrogatories to the extent that they call for information that is not relevant, material, and/or necessary to the prosecution or defense of this action.

5.      Defendant objects to these interrogatories to the extent that they are overly broad in time and/or scope.

6.      Defendant objects to these interrogatories to the extent that they seek purely legal conclusions and opinions.

7.      Defendant objects to these interrogatories to the extent that they contain words or phrases that are confusing, undefined, or lacking in sufficient certainty to permit a response.  In its responses herein, Defendant responds to the extent such interrogatories are comprehensible.

8.      Defendant objects to these interrogatories to the extent that they seek a response that is duplicative of responses to one or more of Plaintiff's other requests.

9.      Defendant objects to any interrogatory which seeks the identification of a document other than by producing the documents.  Defendant will respond to all such Interrogatories by producing the document unless it has already been produced.

10.     Defendant objects to these interrogatories to the extent they seek information that is already known or possessed by Plaintiff and/or is at least equally available to Plaintiff as Defendant.

11.     The responses provided herein, or the production of documents or tangible things by Defendant in response to any one or more of the discovery requests, shall not be deemed to

waive any claim of privilege or immunity Defendant may have as to any response, document or thing, or any question or right of objection as to competency, relevancy, materiality, or admissibility, or any objection Defendant may have as to a demand for further response to these or other Interrogatories.

12.     Nothing contained herein may be construed as an admission relative to the existence or non-existence of any document, and no response is an admission respecting the relevance or admissibility in evidence of any statement or characterization contained in any discovery request.

13.     The responses to these interrogatories, when made, will be made without waiver of, or prejudice to, any objections herein made, and all such objections are hereby expressly reserved.

14.     Defendant's responses to these interrogatories may not be complete as discovery in this action is presently ongoing.  Defendant will not be limited by their responses herein if, as this action progresses, Defendant gathers additional information responsive to the interrogatories or any individual interrogatory set forth herein.  Defendant reserves the right to correct, clarify, modify, amend or supplement these objections and responses including, but not limited to, adding information subsequently discovered or inadvertently omitted, or amending responses mistakenly stated herein when failure to do so would be construed as materially misleading.

15.     These General Objections are applicable to and are incorporated in each specific response herein without further reference.  The insertion of specific objections in the responses to any discovery request shall not be construed as a waiver of such objection in any other response.

## INTERROGATORY RESPONSES

### Interrogatory No. 1:

Identify all persons who you believe may have information or knowledge that is relevant to the subject matter of this lawsuit, including but not limited to those persons who may have knowledge of facts upon which you will or may rely in this action respecting any defenses or denials, and for each, describe in detail the subject matter of his or her information and knowledge.

### Response to Interrogatory No. 1:

Defendant objects to this Interrogatory as being overly broad and unduly burdensome. Subject to and without waiving the foregoing Objections and the General Objections set forth herein, Defendant believes the following persons may have information or knowledge that is relevant to the subject matter of this lawsuit:

      a.   The parties named in the above caption;

      b.   Employees/former employees of the parties in the above caption;

      c.   Individuals whose identities are not yet known and who may be identified by Plaintiff and Defendant during the course of discovery;

      d.   Barbara Guarino, Account Execution, AmTrust Bank, Northeast Region.

Subject to the General Objections, Defendant believes that these parties may have information or knowledge which encompass, but is not limited to, titles, surveys, appraisals, contracts and title reports, proof of residences, employments incomes, assets, and credit histories associated with the Subject Loans.  Defendant objects to the remainder of this Interrogatory as

4

premature.  Given the early stages of litigation, Defendant has not yet determined the witnesses to be relied upon in support of its defenses.

**Interrogatory No. 2:**

Identify every real estate transaction for which AmTrust Bank provided funds as the lender pursuant to a mortgage loan that closed on or after January 1, 2006 in which you participated either as a party to the transaction, an attorney for the individual or entity purchasing the real estate, for the person or entity selling the real estate, or for a bank or other financial institution, or for which you received, held, or contributed any funds or payments, including your role in the transaction.

**Response to Interrogatory No. 2:**

Defendant objects to this Interrogatory as it exceeds the scope of discovery by requesting information outside the April 16, 2008 through December 12, 2008 time frame during which the purported allegations in this action were said to occur.  Notwithstanding and without waiving or limiting the foregoing Objections in any way, upon information and belief, Defendant acted as the closing attorney on behalf of AmTrust Bank for the following transactions from April 16, 2008 through December 12, 2008:

1. 108-42 51st Avenue Corona, New York;

2. 105-25 Remington Street, Jamaica, New York;

3. 7 Irvington Street, Valley Stream, New York;

4. 298 A Marion Street, Brooklyn, New York;

5. 9 Cypress Court, Brooklyn, New York;

6. 80-32 88th Road, Woodhaven, New York;

7. 87-33 125th Street, Richmond Hill, New York;

8.  129 North Grove Street, Freeport, New York;

9.  1389 Crotona Avenue, Bronx, New York;

10. 110-49 167th Street, Jamaica, New York;

11. 179 Main Street, Mastic Beach, New York;

12. 1566 Bergen Street, Brooklyn, New York;

13. 697 Hempstead Boulevard, Uniondale, New York;

14. 98-31 211th Street, Queens Village, New York;

15. 111-32 170th Street, Jamaica, New York;

16. 403 Quincy Street, Brooklyn, New York;

17. 104-23 133rd Street, South Richmond Hill, New York;

18. 17 Stewart Avenue, Hempstead, New York;

19. 1014C Kelly Street, Bronx, New York;

20. 324 Ridgewood Avenue, Brooklyn, New York;

21. 1095 Gipson Street, Far Rockaway, New York;

22. 246-15 87th Avenue, Bellerose, New York;

23. 1123 Madison Street, Brooklyn, New York; and

24. 103 Twin Lawns Avenue, Hicksville, New York.

Defendant reserves the right to further supplement its response to Interrogatory No. 2 throughout the course of discovery, up to and until the time of trial.

**Interrogatory No. 3:**

For each real estate transaction identified in response to your response to Interrogatory No. 2:

1.   Identify all persons present at each closing, including the role each person played at the closing;

2. Identify and describe in detail any and all sums, including the amounts, received by you or your agents from AmTrust Bank or its agents, in connection with the transaction, and any subsequent transfer of those fund to any person or entity other than AmTrust Bank;

3. State the amount of money you received, payable to Defendant, in connection with each transaction;

4. Identify each account that was used or accessed in any way in connection with each transaction, including but not limited to the financial institution, account number, and the type of account (e.g., checking, IOLA, savings, deposit or other financial institution account);

5. Describe all other payments you made or caused to be made , including any payments you made or caused to be made to pay off any lien in connection with any transaction, and the person or entity to whom any such payments were made, and the purpose of each such payment.

**Response to Interrogatory No. 3:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, duplicative of prior discovery demands and Defendant's production thereto. Defendant further objects to this Interrogatory on the basis that the information requested is equally available to Plaintiff in its capacity as Receiver for AmTrust Bank.  Notwithstanding the foregoing Objection and the General Objections set forth herein, Defendant refers Plaintiff to the information contained in each of the twenty-one (21) underlying files pertaining to the Subject Loans, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

**Interrogatory No. 4:**

Identify any expert that you may call to testify on your behalf at trial, including in your answer the areas on which the expert may opine and a brief summary of the expert's testimony.

**Response to Interrogatory No. 4:**

Defendant objects to this Interrogatory as premature.  Given the early stages of litigation, Defendant has not yet determined any expert witnesses.  Notwithstanding and without waiving or limiting this Objection in any way, Defendant reserves the right to supplement this Response throughout the course of discovery and up and until the time of trial.

**Interrogatory No. 5:**

Identify and describe in detail the method by which each of the Borrowers contributed money or assets to the purchase price in connection with each of the Subject Loans, including but not limited to identifying and describing any documents that reflect these contributions, and describing all of your efforts to confirm and/or verify these contributions were made.

**Response to Interrogatory No. 5:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, duplicative of prior discovery demands and Defendant's production thereto. Defendant further objects to this Interrogatory on the basis that the information requested is equally available to Plaintiff in its capacity as Receiver for AmTrust Bank.  Notwithstanding the foregoing Objection and the General Objections set forth herein, Defendant refers Plaintiff to the information contained in each of the twenty-one (21) underlying files pertaining to the Subject Loans, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

**Interrogatory No. 6:**

Identify and describe in detail any sales, transfers, or other transactions related to each of the Subject Properties that occurred within twelve months prior to or after closing of the Subject Loans for the respective properties in which you participated in any capacity, whether as a party

to the transaction, the attorney for the purchaser/borrower, seller, bank or other party, or for which you received, held or contributed any funds or payments.

**Response to Interrogatory No. 6:**

Defendant objects to this Interrogatory insofar as it is vague, ambiguous, overbroad, and unduly burdensome.   Upon information and belief, Defendant is unaware of information responsive to this request.

**Interrogatory No. 7:**

Identify all instructions, directives, guidance or orders that you received concerning your duties as a closing agent on behalf of AmTrust Bank, both generally, and specific to each of the Subject Loans, including in your answer a full description of the source of such instructions, directives, guidance, or orders, and if applicable the person or persons providing them.

**Response to Interrogatory No. 7:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, duplicative of prior discovery demands and Defendant's production thereto. Defendant further objects to this Interrogatory on the basis that the information requested is equally available to Plaintiff in its capacity as Receiver for AmTrust Bank.  Notwithstanding the foregoing Objection and the General Objections set forth herein, Defendant refers Plaintiff to the information contained in each of the twenty-one (21) underlying files pertaining to the Subject Loans, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

**Interrogatory No. 8:**

Identify and describe in any detail any documents or communications in which you were provided instructions, authorizations, or directions concerning the distribution of funds at or after closing in connection with each of the Subject Loans.

**Response to Interrogatory No. 8:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, duplicative of prior discovery demands and Defendant's production thereto. Defendant further objects to this Interrogatory on the basis that the information requested is equally available to Plaintiff in its capacity as Receiver for AmTrust Bank. Subject to the foregoing Objections and the General Objections set forth herein, Defendant directs Plaintiff the information contained in each of the twenty-one (21) underlying files pertaining to the Subject Loans, copies of which Defendants are presently in the process of providing to Plaintiff as part of its rolling production.

**Interrogatory No. 9:**

Identify and describe in detail any documents you intend to use in support of your defenses, including but not limited to documents you contend define the duties of a closing agent in the State of New York.

**Response to Interrogatory No. 9:**

Defendant objects to this request insofar as it is vague, ambiguous, overbroad, and unduly burdensome. Defendant further objects to this Interrogatory as premature. Given the early stages of litigation, Defendants have not yet determined which documents will be used in support of its defenses. Notwithstanding and without waiving or limiting this Objection in any way, Defendants reserve the right to use any and all documents relating to the underlying mortgage

transactions, as well as any and all documents which may be disclosed throughout the course of discovery.

**Interrogatory No. 10:**

Describe any procedures for maintaining files for each of the Subject Loans, including, but not limited to, any record retention policy in effect during the period from February 1, 2008 to the present.

**Response to Interrogatory No. 10:**

Subject to the General Objections set forth herein, Defendant maintains original files in its office for a period of six (6) years.

**Interrogatory No. 11:**

Describe the factual basis for your allegation that "AmTrust's closing instructions and Supplemental Closing Instructions were orally modified by AmTrust's employees, by custom and practice and by AmTrust's own review and approval of each and every Subject Loan which was cleared to close by AmTrust employees/agents prior to each closing" as you allege in paragraph 44 of your Answer.

**Response to Interrogatory No. 11:**

Subject to the General Objections set forth herein, AmTrust personnel, including but not limited to, Barbara Guarino authorized deviations from the instructions and/or general policies set forth in the Bank's Master Closing Instructions and Supplemental Closing Instructions on a case-by-case basis.

PLEASE TAKE NOTICE that the Defendant reserves its right to supplement the foregoing responses to the extent that any additional information becomes available and/or at the conclusion of discovery or at any time up to and including the time of Trial.

11

Dated: New York, New York
October 4, 2010

FURMAN KORNFELD & BRENNAN LLP

/s

_____
A. Michael Furman, Esq.
Izabell Lemkhen, Esq.
Attorneys for Defendants
PANKAJ MALIK and MALIK & ASSOCIATES, P.C.
61 Broadway, Suite 2602
New York, New York 10006
Tel: (212) 867-4100
Fax:  (212) 867-4118
Email: mfurman@fkbllp.com
            ilemkhen@fkbllp.com
File No.: 301.120


TO:     Laura Watson, Esq.
        William Jacobs, Esq.
        Steven S. Kaufman, Esq.
        Jennifer A. Lesny Fleming, Esq.
        Thompson Hine LLP
        Attorneys for Plaintiff
        3900 Key Center
        127 Public Square
        Cleveland, OH 44114
        Tel: (216) 566-5500
        Fax: (216) 566-5800
        Email: laura.watson@thompsonhine.com
                william.jacobs@thompsonhine.com
                steve.kaufman@thompsonhine.com
                Jennifer.fleming@thompsonhine.com


        Matthew Bryant, Esq.
        Ohrenstein & Brown, LLP
        Attorneys for Defendant
        NMR ADVANTAGE ABSTRACT, LTD.
        1010 Franklin Avenue
        Garden City, NY 11530

Jeffrey S. Schwartz, Esq.
The Law Office of Jeffrey S. Schwartz
Attorneys for Defendant
ANTOINETTA RUSSO
410 E. Jericho Turnpike
Mineola, NY 11501

John M. Stravato, Esq.
Attorney for Defendant
ARTISAN MORTGAGE COMPANY, INC.
P.O. Box 298
Bethpage, NY 11714

Richard J. Soleymanzadeh, Esq.
Richard J. Soleymanzadeh, P.C.
Attorneys for Defendant
NICHOLAS PELLEGRINI
320 Nassau Blvd.
Suite 7
Garden City, NY 11530

William D. Moore, Esq.
Law Office of William D. Moore
Attorneys for Defendant
SI MORTGAGE COMPANY
51020 Main Road
Southold, NY 11971

Jonathan M. Cooper, Esq.
Attorney for Defendant
ACORN FUNDING GROUP, INC.
483 Chestnut Street
Cedarhurst, NY 11516

# Exhibit 8

# THOMPSON HINE

| ATLANTA | CINCINNATI | COLUMBUS | NEW YORK |
| | BRUSSELS | CLEVELAND | DAYTON | WASHINGTON, D.C. |

November 4, 2010

*Via Email and U.S. Mail*

Izabell Lemkhen, Esq.
Furman Kornfeld & Brenan LLP
61 Broadway, 26th Floor
New York, NY 10006

RE:  *FDIC as Receiver for AmTrust Bank v. Malik, et al.,*
       Case No. 1:09-cv-4805 (DGT)(JMA)

This letter addresses Defendants Pankaj Malik and Malik & Associates, P.C.'s (collectively, the "Malik Defendants") Responses to Plaintiff's First Set of Requests for Production of Documents, and constitutes a good faith effort to resolve a discovery dispute without seeking the Court's involvement.  There are no less than the following deficiencies with respect to the Responses:

1.      You have incorporated your "General Objections" into each of the document request responses. Thus, since each of your responses is made "subject to" the General Objections, it is unclear whether documents are being withheld in reliance on these purported objections.  Please advise and identify any documents the Malik Defendants have withheld on the basis of the General Objections.

For example, General Objection "J" states that the Malik Defendants object to any request to the extent it seeks documents outside the period April 16, 2008 to December 12, 2008.  We believe such objection to be meritless since Plaintiff properly limited the period of time for most of the requests for production from February 1, 2008 to the present. We need to know whether the Malik Defendants have withheld any documents created between February 1, 2008 and April 16, 2008, or in reliance on any other "General Objection."

Likewise, the Malik Defendants have attempted to object on the basis that "the information requested is equally available to Plaintiff in its capacity as Receiver for AmTrust Bank."  This objection is baseless.

You have also objected to all of the interrogatories to the extent documents are subject to the attorney-client privilege or attorney work-product doctrine.  Please advise whether any documents have been withheld on the basis of any purported privilege and, if so, produce an appropriate privilege log.

2.      For many of the requests for production, you have responded that "Defendants refer the Plaintiff to the underlying files pertaining to each of the twenty-one (21) properties that are the subject of this litigation, copies of which Defendants are currently in the process of providing to Plaintiff as part of its rolling production."  For the requests for production for which you provide the above response, is it your position that there are no other documents outside of the underlying files for the Subject Loans that are responsive to these requests?

Laura.Watson@ThompsonHine.com   Phone 216.566.5824   Fax 216.566.5800                                    sf 11560807.1

THOMPSON HINE LLP              3900 Key Center              www.ThompsonHine.com
ATTORNEYS AT LAW               127 Public Square            Phone  216.566.5500
                               Cleveland, Ohio 44114-1291   Fax  216.566.5800

THOMPSON
HINE

November 4, 2010
Page 2

This response also raises numerous questions about the Malik Defendants' production of electronic documents. From the limited production of documents we have received from the Malik Defendants thus far, we have not received any electronic documents or emails. The Malik Defendants' production appears to be, at most, scanned copies of the hard copy files that the Malik Defendants kept for the Subject Loans. Please confirm the date upon which we can expect a production of email and other electronic documents responsive to Plaintiff's First Set of Requests for Production and outline the process you used to collect electronic documents and emails responsive to Plaintiff's requests.

3.       Request No. 3 asks for unredacted bank statements from the Malik Defendants' IOLA account detailing transfers made regarding the Subject Loans. The Malik Defendants, however, have raised a privilege objection and indicated in their response to Request No. 3 that they will later "produce any non-privileged information responsive to this request." This information, however, is not privileged, and must be produced immediately. *See* Order Denying Motion to Quash, August 8, 2010, *FDIC as Receiver for AmTrust Bank v. Hodge, et al.*, 1:09-cv-03234. The same is true for Requests No. 29 and 30, for which the Malik Defendants provided the same responses.

4.       The Malik Defendants have refused to provide documents in response to Request No. 4, which asks for unredacted bank statements for any business or personal checking account maintained by Pankaj Malik or Malik & Associates, P.C. The objection and refusal to produce responsive documents is not well-taken. As you know, the Eastern District of New York has determined that such statements need to be provided in similar litigation. *See* Order Denying Motion to Quash, September 16, 2010, *FDIC as Receiver for AmTrust Bank v. Hodge, et al.*, 1:09-cv-03234. Please produce these records immediately.

5.       Request No. 8 requires production of any documents concerning the existence, form, and or scope of insurance coverage that the Malik Defendants have that may cover any portion of the FDIC's claims. While the Malik Defendants provided very limited information regarding the insurance policy in their answer, they did not produce the actual policy or any other documents. As you know, Fed. R. Civ. P. 26(a)(1)(A)(iv) requires that a party provide "for inspection and copying" any "insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments to satisfy the judgment." Accordingly, the Malik Defendants must provide the documents requested in Request No. 8, not merely information regarding those documents.

6.       Request No. 9 asked for documents regarding any communication between the Malik Defendants and its insurance carrier relating to the claims in this action. The Malik Defendants objected on the basis that such documents are not relevant and/or "privileged." These objections are meritless, as documents relating to the claims in this action are, by definition, relevant, and there is no applicable privilege pursuant to which these documents can be withheld. Please supplement accordingly.

7.       With respect to Request No. 21, you also objected in part on the basis of "privilege." However, Request No. 21 required the production of documents relating to your duties as a closing attorney for AmTrust Bank, including, among other information, any approvals from AmTrust regarding deviation from the Master and Supplemental Closing Instructions and any disclosures you made to AmTrust Bank.

THOMPSON
HINE

November 4, 2010
Page 3

To the extent any such documents are "privileged," Plaintiff is the "client" and holds that privilege, not the Malik Defendants. The same is true with respect to Request No. 22. Again, to the extent any documents have been withheld, a privilege log is required.

8.      Request No. 27 requires the production of documents concerning any disciplinary actions currently pending, or concluded within the past 5 years, against the Malik Defendants. The Malik Defendants did not answer this Request, instead objecting on the basis of "privilege," and that the request is purportedly vague, ambiguous, overbroad, and "impalpably improper." These objections are baseless. The Malik Defendants are being sued by their client in part for legal malpractice and conversion. Therefore, any prior disciplinary actions are highly relevant. Furthermore, the request is limited in time, so it is not overly broad. Please supplement your response accordingly.

9.      Although you have repeatedly referenced your "rolling production," you have not provided a date by which you expect your production to be complete. Moreover, for several document requests, you indicate that the Malik Defendants are "currently undertaking a search for the requested documents" and will provide them "under separate cover." Please let us know when we can expect a complete production of all documents from the Malik Defendants.

Finally, in your letter of October 25, 2010, you indicated that you would not respond to any of your discovery deficiencies until after the purported "jurisdictional" issues you have attempted to raise were resolved. Your improper (and baseless) claims of champerty, however, simply do not relieve you of your responsibility to ignore your discovery obligations. We therefore expect your prompt responses on the issues set forth above, and in prior deficiency letters.

Very Truly Yours,

Laura L. Watson

cc:     Steven S. Kaufman, Esq. (by email)
        William W. Jacobs, Esq. (by email)
        Jennifer A. Lesnsy Fleming, Esq. (by email)

# Exhibit 9

# FURMAN KORNFELD & BRENNAN LLP

61 Broadway, 26th Floor, New York, NY 10006
Tel: 212-867-4100  Fax: 212-867-4118
www.fkbllp.com

November 17, 2010

**VIA E-MAIL (Laura.Watson@ThompsonHine.com)**
**AND FIRST CLASS MAIL**

Laura Watson, Esq.
Thompson Hine
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291

|        |                                                   |          |
|--------|---------------------------------------------------|----------|
| Re:    | FDIC as Receiver for AmTrust Bank v. Malik, et al. |          |
|        | Civil Case No.:                                   | 09-4805  |
|        | FKB File No.:                                     | 301.120  |

Dear Ms. Watson:

The following responds to your correspondence dated November 4, 2010 identifying purported deficiencies in Pankaj Malik and Malik and Associates, P.C.'s ("the Malik Defendants") October 4, 2010 Responses to the FDIC's First Set of Requests for Production of Documents.

1. Other than General Objection C., we have not withheld any documents on the basis of the General Objections referenced set forth in its October 4, 2010.

2. Other than the documents that have already been produced, the Malik Defendants do not possess any other documents responsive to this particular request. Contrary to the representations in your November 4, 2010 correspondence, the Malik Defendants production contained electronic documents and/or emails. See, e.g., documents bates stamped 002037-002039. The Malik Defendants completed its rolling document production on November 1, 2010. Subject to the supplementation efforts referenced herein, the Malik Defendants' disk bates stamped 000001-005240 represents its complete document production.

3. We do not presently possess the information and/or documentation called for in Request No. 3. We further maintain our objection that this Request is vague, and overly broad, to the extent that it calls for the production of documents and information that is privileged, not relevant, or reasonably calculated to lead to the discovery of admissible evidence.

   Notwithstanding and without waiving these objections, we refer Plaintiff to the Malik Defendants' Checklist Reconciliation forms and corresponding checks, wire confirmations, and related documents as they pertain to each of the subject mortgage transactions.
   Specifically:

*FDIC v. Malik et al.*
FKB File No. 301.120
Page 2 of 3

    a.  1389 Crotona Avenue, Bronx, New York: bates stamped 002473-002476; 000786-000809; 000844-000852; and 000856;

    b.  108-42 51st Avenue, Corona, New York: bates stamped 002992-003008; 003039-003045; 003088;

    c.  98-31 211th Street, Queens Village, New York: bates stamped 004320-004328; 004332-004336; 004340-004367; 004463-004465;

    d.  105-25 Remington Street, Jamaica, New York: bates stamped 001538-001563; 001565; 001666-001677; 001689-001690; 001738-001742;

    e.  179 Main Street, Mastic Beach, New York; bates stamped 000511-000524; 000528-000549; 000562; 000581-000588; 000590-000591; 000593-000611;

    f.  697 Hempstead Boulevard, Uniondale, New York; bates stamped 003545-003565; 003568-003569; 003571; 003726-003729; 003843-003844;

    g.  80-32 88th Road, Woodhaven, New York; 001152-001178; 001365-001371; 001383; 001402-001403; 001152-001178;

    h.  1014C Kelly Street, Bronx, New York; 002731-002740; 002751 -002761; 002839-002845;

    i.  110-49 167th Street, Jamaica, New York; 001884-001894; 001901-001928; 002064-002070; 002072-002078;

    j.  403 Quincy Street, Brooklyn, New York; 000872-000882; 000917-000935; 000984-000990; 001138-001145;

    k.  9 Cypress Court, Brooklyn, New York; 003497-003526; 003531-003538;

    l.  298A Marion Street, Brooklyn, New York; 003423-003483;

    m. 17 Stewart Avenue, Hempstead, New York; 003854-003893; 003949-003954; 003965-003980;

    n.  104-23 133rd Street, South Richmond Hill, New York; 004650-004670;

    o.  7 Irvington Street, Valley Stream, New York; 002158-002172; 002188-002227;

    p.  324 Ridgewood Avenue, Brooklyn, New York; 000004-000005; 000011-000027; 000105-000106; 000119-000132; 000133;

    q.  111-32 170th Street, Jamaica, New York; 002500-002523; 002547-002549; 002623-002628; 002645;

*FDIC v. Malik et al.*
FKB File No. 301.120
Page 3 of 3

      s.   1566 Bergen Street, Brooklyn, New York; 004064-004109; 004148; 004173-004188; 004189-004204; 004204;

      t.   129 North Grove Street, Freeport, New York; 003195-003219; 003223-003258;

      u.   87-33 125th Street, Richmond Hill, New York; 004855-004878; 004885-004915; 004919; 005024-005040.

4.  We maintain our objections to the production of documents called for in Request No. 4, and refer Plaintiff to the documents outlined in Item 3 above.

5.  Enclosed as Exhibit A is a supplementation of the Malik Defendants Response to Request No. 8.

6.  We maintain our objections to the production of documents called for in Request No. 9.

7.  The Malik Defendants have produced all documents responsive to Request Nos. 21 and 22.

8.  We maintain our objections to the production of documents called for in Request No. 27.

9.  The Malik Defendants completed its rolling production on November 1, 2010. Other than the supplementation referenced herein, the disk bates stamped 00001-005240 represents the Malik Defendants' complete document production.

I trust the above information sufficiently answers the issues outlined in your November 4, 2010 correspondence.

With regard to the purported deficiencies outlined in your October 20, 2010 correspondence pertaining to the Malik Defendants' Answers to Interrogatories, we have verified the Malik Defendants October 4, 2010 Answers to Interrogatories, which are enclosed herewith. We are presently engaged in gathering and compiling information to supplement same.

Very truly yours,

FURMAN KORNFELD & BRENNAN LLP

A. Michael Furman

*Enclosures*    Exhibit A
                   Malik Defendants' Verified Answers to Interrogatories

cc:    Steven S. Kaufman, Esq. (Thompson Hine)

# Exhibit 10

# THOMPSON HINE

ATLANTA          CLEVELAND          DAYTON          WASHINGTON, D.C.

CINCINNATI          COLUMBUS          NEW YORK

November 30, 2010

*Via Email and U.S. Mail*

A. Michael Furman, Esq.
Furman Kornfeld & Brennan LLP
61 Broadway, 26th Floor
New York, NY 10006

RE:   *FDIC as Receiver for AmTrust Bank v. Malik, et al.,*
       Case No. 1:09-cv-4805 (DGT)(JMA)

Dear Mr. Furman:

This letter responds to your November 17, 2010 letter responding the deficiencies we identified regarding the Malik Defendants' responses to Plaintiff's document requests. This letter constitutes a good faith effort to resolve a discovery dispute without involving the Court. We believe your document request responses are still deficient for the following reasons:

1.       The scarcity of electronic documents in your production seems unrealistic, based upon the scope of the document requests, the time period at issue, the number of loans at issue, and the number of parties involved in the litigation. Please confirm that the Malik Defendants conducted a thorough search for responsive electronic documents on any relevant computer system(s) or network(s). Merely providing copies of electronic documents that were kept in the Malik Defendants' "paper files" for each of the Subject Loans does not satisfy the Malik Defendants' discovery obligations.

2.       You have indicated that you have withheld documents on the basis of privilege. Please provide a date certain upon which we can expect to receive a privilege log.

3.       You stated that you do not "presently possess" documents responsive to Request No. 3. However, as you should know, the Malik Defendants are also required to produce any documents that are in their "custody or control." *See* Fed. R. Civ. P. 34(a)(1). Certainly the Malik Defendants' Iola account statements are in the Malik Defendants' control, as customers of the bank, not to mention that the Rules of Professional Responsibility require Malik to maintain copies of these records. Furthermore, these documents are not "privileged." It is well established that a party invoking the privilege must show "(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining legal advice." *Green v. Beer*, 2010 U.S. Dist. LEXIS, at *6, n.1 (S.D.N.Y. 2010). Certainly bank records are not a "communication" between an attorney and a client that were made for the purpose of obtaining "legal advice." Indeed, the Court confirmed this to be true in similar litigation. *See* Order Denying Motion to Quash, August 8, 2010, *FDIC as Receiver for AmTrust Bank v. Hodge, et al.*, 1:09-cv-03234. Likewise, your assertion that the Malik Defendants' hand-written disbursement logs and copies of checks are sufficient to document loan transactions lacks merit, as the only way to fully account for all loan funds is to obtain the Malik Defendants' complete unredacted bank statements, not just the records that the Malik Defendants created. Please provide these records.

Laura.Watson@ThompsonHine.com          Phone: 216.566.5824  Fax: 216.566.5800          sf  11563552.3

THOMPSON HINE LLP          3900 Key Center          www.ThompsonHine.com
ATTORNEYS AT LAW           127 Public Square        Phone 216.566.5500
                           Cleveland, Ohio 44114-1291   Fax 216.566.5800

# THOMPSON HINE

4.      The same arguments are true with respect to the documents requested in Request No. 4.  The request calls for unredacted bank statements for any business or personal checking account maintained by Pankaj Malik or Malik & Associates, P.C.  Your response refusing to produce  records of financial transactions based on a claim of privilege is without merit.  These documents are relevant and are not privileged.  *See* Order Denying Motion to Quash, September 16, 2010, *FDIC as Receiver for AmTrust Bank v. Hodge, et al.*, 1:09-cv-03234.  If you have controlling case authority supporting a claim of privilege, please provide it.

5.      With respect to your assertion of privilege for documents responsive to Request No. 9 regarding communications with the Malik Defendants' insurance carrier, there is no blanket privilege protection for communications between an insured and a liability insurance carrier.  *See Kingsway Financial Services, Inc. v. Pricewaterhouse-Coopers, LLP*, 2008 U.S. Dist. LEXIS 77018.  Please provide support for your claim of privilege with respect to documents responsive to Request No. 9 that are currently being withheld.

6.      You have also refused to produce documents responsive to Request No. 27, relating to any recent disciplinary actions against the Malik Defendants.  Again, you have not provided any support for your assertion that these documents are privileged, or that the request is "vague, ambiguous, overbroad and impalpably improper."  We renew our request for you to produce documents in response to this request.

7.      Your representation that the Interrogatory responses attached to your letter are "verified" is incorrect, as they are merely signed by counsel.  Please provide verified answers in compliance with the Federal Rules of Civil Procedure at once.  *See* Fed. R. Civ. P. 33(b)(3), (5).

8.      We still await the revised responses to the interrogatories referenced in  your November 17 letter, in which you state you are "presently engaged in gathering and compiling information to supplement."

We expect your prompt responses to each of the issues set forth above, as well as your responses to the issues set forth in our prior deficiency letters.  Thank you.

Very Truly Yours,

Laura L. Watson

# Exhibit 11

# FURMAN KORNFELD & BRENNAN LLP

61 Broadway, 26th Floor, New York, NY 10006

Tel: 212-867-4100  Fax: 212-867-4118

www.fkbllp.com

December 21, 2010

**VIA E-MAIL (Laura.Watson@ThompsonHine.com)**
**AND FIRST CLASS MAIL**

Laura Watson, Esq.
Thompson Hine
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291

> Re:  FDIC as Receiver for AmTrust Bank v. Malik, et al.
> Civil Case No.:  09-4805
> FKB File No.:  301,120

Dear Ms. Watson:

The following is a response to your November 30, 2010 correspondence identifying purported deficiencies in the Malik Defendants' Responses to Plaintiff's Requests for Production. We address each item of your letter separately herein.

1. The Malik Defendants have conducted a thorough search for responsive electronic documents on its computer network. In doing so, we have learned that Malik & Associates, P.C.'s back-up computer system was improperly installed. As such, any electronic communication during the time period that the Subject Loans were closed is irretrievable.

2. A privilege log is being updated and will be produced.

3. We maintain the position that the objections invoked in response to the FDIC's Request calling for production of "complete and unredacted bank statements detailing all transactions from November 1, 2008 to present" are proper. First, your Request seeking bank statements from November 1, 2008 through the present is overly broad in temporal scope. As you are aware, the Complaint asserts that the alleged misconduct took place from April 2008 through December 2008. Your attempt to engage in a fishing expedition for confidential information irrelevant to the instant litigation is simply improper. Furthermore, although bank records may not in and of themselves be "privileged," the information contained in the documents is arguably protected as it contains the names, financial details, and transactions made by the Malik Defendants on behalf of other clients who have no involvement in this action whatsoever. Notwithstanding these objections, and despite having already provided a voluminous production of checks and wire confirmations which reflect the

*FDIC v. Malik et al.*
FKB File No. 301.120
Page 2 of 2

disbursement of the loans funds, in a good faith effort to resolve this issue, we are amenable to producing bank statements from the Malik Defendants' Escrow Account for the April 2008 through December 2008 time period. Such records should provide more than sufficient information to allow you to "reconstruct the transactions" and "fully account" for funds related to the transactions at issue in this litigation. The Malik Defendants are currently in the process of gathering the referenced documents, and will supplement its Responses to Requests for Production of Documents accordingly.

4. We continue to maintain that the objections asserted in response to Request No. 4 are proper. Ms. Malik did not at any time use a personal checking account in connection with her role as closing agent on behalf of AmTrust. You have failed to provide any shred of evidentiary support as to how the personal bank accounts are relevant to the instant litigation so as to justify the invasion of Ms. Malik's privacy.

5. Although merely because a communication is between an insurer and insured does not render it privileged, there are communications between an insured and an insurer that are protected on account of the attorney-client and work-product privilege. <u>See, Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp.</u>, 2002 WL 31729693 (S.D.N.Y. 2002); <u>see also</u>, <u>Calabro v. Stone</u>, 225 F.R.D. 96 (E.D.N.Y. 2004).

6. We maintain our objection that the production of documents relating to disciplinary actions is palpably irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

7. A Verification executed by Ms. Malik for the October 4, 2010 Answers to Interrogatories will be forthcoming.

8. Revised Answers to Interrogatories will likewise be forthcoming.

If you should wish to further discuss any of the foregoing, please do not hesitate to contact the undersigned.

Very truly yours,

FURMAN KORNFELD & BRENNAN LLP

A. Michael Furman
Izabell Lemkhen

cc:   William Jacobs, Esq. (Thompson Hine – *Via Email*)
      Jennifer Fleming, Esq. (Thompson Hine – *Via Email*)
      Laura Watson, Esq. (Thompson Hine – *Via Email*)

# Exhibit 12

**Watson, Laura**

| | |
|---|---|
| **From:** | Izabell Lemkhen [ILemkhen@fkbllp.com] |
| **Sent:** | Friday, January 07, 2011 12:58 PM |
| **To:** | Watson, Laura; Kaufman, Steven; Jacobs, William; Fleming, Jennifer A. Lesny |
| **Cc:** | Mike Furman |
| **Subject:** | FDIC v. Malik et al. - Meet and Confer |

Counsel,

Further to my earlier telephone conversation with Laura, we are currently in the process of obtaining additional information from our client regarding the retrieval of email communication from the 2008 time period.  The IT consulting firm that is currently in the process of investigating whether emails from this time period can be accessed has advised that they hope to be able to make this determination on Monday, January 10, 2011.  We believe that such information is necessary to engage in a meaningful discussion on this issue.  Accordingly, we propose rescheduling the telephone conference for next week.  Kindly advise if you are amenable to same.

Thank you.

Regards,
Izabell


Privileged & Confidential

**Furman Kornfeld & Brennan** LLP
Izabell Lemkhen, Esq.
61 Broadway, 26th Floor, New York, NY 10006
Tel: 212-867-4100  Ext: 361  Fax: 212-867-4118
E-mail: llemkhen@fkbllp.com
www.fkbllp.com

CONFIDENTIALITY NOTICE:  This email is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately by telephone, and return the original message to us at the above address.  Thank you.



*****************************************

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

***********************************

Privileged & Confidential

9/12/2011

# Exhibit 13

## Watson, Laura

**From:** Izabell Lemkhen [ILemkhen@fkbllp.com]
**Sent:** Monday, February 07, 2011 11:51 AM
**To:** Watson, Laura
**Cc:** Jacobs, William; Fleming, Jennifer A. Lesny; Mike Furman
**Subject:** RE: FDIC v. Malik et al. - Electronic Discovery Update (Our File No. 301.120)

Dear Laura,

We are uncertain as to the basis for your reference to a "consultant " in your Feb. 3, 2011 email.  Neither the Malik Defendants nor our firm retained a "consultant" to conduct searches in connection with electronic discovery.  Rather, as we have advised, searches were performed in the pursuit of additional electronic discovery, and all discoverable electronic communication and documents that have been retrieved will be produced.

Further, as we initially advised in our Dec. 21, 2010 correspondence, Malik & Associates, P.C.'s computer system was improperly installed.  The computer server at the offices of Malik & Associates, P.C. was installed in approximately 2003 or 2004.  We have been advised by our client that at that time of installation, it was requested that a system to back-up email communications be established.  Approximately one (1) year ago, it was discovered that no back-up system was put in place.  Thus, there are no electronic documents/ communications that could be retrieved directly from the server from the time of installation through 2009. Nevertheless, the Malik Defendants were able to access the email accounts of employees of Malik & Associates, P.C. identified as potentially having discoverable information.  Numerous searches were performed for relevant key terms, which resulted in retrieval of emails that we are currently in the process of reviewing.  We intend to commence a rolling production by Feb. 11, 2011.  In our Feb. 2, 2011 status update, we advised that an additional search was still underway.  Our client has informed us that the search is now complete, and no additional data was retrieved.

With regard to other discovery matters, we are in receipt of your Supplemental Discovery Responses, and thank you for same.  Pankaj Malik's Amended Answers to Interrogatories are forthcoming – at this time, we are awaiting an executed Verification from Ms. Malik.  We are still working on Malik & Associates, P.C.'s Amended Answers to Interrogatories, and expect to produce same by Feb. 14, 2011.  A correspondence addressing further discovery issues will also be forthcoming under separate cover.

Regards,
Izabell

Privileged & Confidential

**Furman Kornfeld & Brennan** LLP
Izabell Lemkhen, Esq.
61 Broadway, 26th Floor, New York, NY 10006
Tel: 212-867-4100  Ext: 361  Fax: 212-867-4118
E-mail: ilemkhen@fkbllp.com
**www.fkbllp.com**

CONFIDENTIALITY NOTICE:  This email is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately by telephone, and return the original message to us at the above address. Thank you.

**From:** Watson, Laura [mailto:Laura.Watson@thompsonhine.com]
**Sent:** Thursday, February 03, 2011 5:22 PM
**To:** Izabell Lemkhen
**Cc:** Jacobs, William; Fleming, Jennifer A. Lesny; Mike Furman
**Subject:** RE: FDIC v. Malik et al. - Electronic Discovery Update (Our File No. 301.120)

Izabell,

We appreciate the update.  We are encouraged that your consultant was able to retrieve at least some data. However, your update fails to address a fundamental concern -- whether any potentially relevant data was lost as a result of the backup system failure.  We request that you give us a clear explanation of whether any data has been unrecoverable, and if so the exact nature and scope, including the time frame and quantity for any unrecoverable data.  If you are unwilling to give us this information, please explain why.

Regarding Plaintiff's document review, the FDIC-R obtained the complete files from the e-mail accounts of those custodians who were employees of the former AmTrust Bank who were identified as likely to have discoverable information.  Search terms were applied across this data, and a large number of results were returned.  Plaintiff is currently in the process of reviewing this data set.  Plaintiff encountered delays in initially obtaining the data, which were a result of the purchase of the former AmTrust Bank by New York Community Bank and issues related thereto.   Plaintiff also encountered some delays in the processing of the data into a format that was able to be produced in litigation.  These delays were not a result of any problems or concerns regarding the actual data.  We trust that this information is sufficient and alleviates any "concerns" that you may have.

With respect to our Interrogatory and Document Request responses, they were served on the 31st via regular mail, as promised.

Regards,
Laura

**Laura L. Watson**
Associate
Thompson Hine LLP
3900 Key Tower | 127 Public Square
Cleveland, OH 44114-1291
Direct: 216.566.5824 | Cell: 216.339.7943
Fax: 216.566.5800
Laura.Watson@ThompsonHine.com

**From:** Izabell Lemkhen [mailto:ILemkhen@fkbllp.com]
**Sent:** Wednesday, February 02, 2011 10:06 AM
**To:** Watson, Laura
**Cc:** Jacobs, William; Fleming, Jennifer A. Lesny; Kaufman, Steven; Mike Furman

**Subject:** FDIC v. Malik et al. - Electronic Discovery Update (Our File No. 301.120)

Dear Laura,

Please accept the following as a response to your Jan. 31, 2011 correspondence requesting an update as to the Malik Defendants' pursuit of electronic discovery.

Further to our email update sent to you on Jan. 18, 2011, the majority of the electronic searches in pursuit of additional electronic documents/communications have now been completed.  There is currently one search that is still underway and is anticipated to be completed by the end of this week, Friday, Feb. 4. 2011.  The searches that are now completed have yielded additional email communications, and we are presently engaged in a review of the retrieved documents.  We intend to commence a rolling production of discoverable documents no later than February 12, 2011.

We trust this sufficiently responds to your inquiry relating to electronic discovery.

On a related matter, your Jan. 31, 2011 correspondence fails to provide any explanation as to why it has taken the FDIC over six (6) months to retrieve and produce electronic documents from AmTrust's email system.  Please provide information regarding the FDIC's efforts in this regard.

Additionally, your itemized damages analysis as requested in the Malik Defendants' Supplementation of Interrogatories 17 and 18 as well as your Responses to the Malik Defendants' Second Requests for Production of Documents relating to the ownership and current status of the loans, and Responses to Interrogatories 18 through 25, are now outstanding.  Based upon a request made by your office on Jan. 14, 2011, we granted you an additional two-week extension to provide the referenced information and documentation.  Your responses were due Monday, Jan. 31, 2011.  To date, we have received no documents, no information, and no updates regarding your efforts or progress in the pursuit of this matter.  Please immediately advise the status of same.

A correspondence addressing further outstanding discovery issues will be forthcoming under separate cover.

Regards,
Izabell

**Privileged & Confidential**

**Furman Kornfeld & Brennan** LLP
Izabell Lemkhen, Esq.
61 Broadway, 26th Floor, New York, NY 10006
Tel: 212-867-4100 Ext: 361 Fax: 212-867-4118
E-mail: ilemkhen@fkbllp.com
www.fkbllp.com

CONFIDENTIALITY NOTICE:  This email is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately by telephone, and return the original

9/12/2011

message to us at the above address.  Thank you.


*****************************************

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distributio or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

*************************************

Privileged & Confidential
*****************************************

Confidentiality Notice: The information contained in this e-mail and any attachments may be legally privileged and confidential. If you are not an intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify the sender and permanently delete the e-mail and any attachments immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

*************************************

Privileged & Confidential

# Exhibit 14

# Malik & Associates, P.C.
# Call Today for Free Consultation 877-826-5369

## Our Experienced New York Attorneys

# Personalized Legal Service at Malik & Associates, P.C.

At Malik & Associates, P.C., our firm is led by attorney Pankaj Malik, who has an extensive background in a wide range of legal areas including real estate, immigration, corporate law and complex commercial litigation matters. The firm was founded on the belief that all clients are best served by lawyers who offer client-focused, responsive and innovative legal service.

She has represented individuals and businesses both nationally and internationally, as well as New York and has built a strong reputation for helping clients resolve their issues in manners that are as efficient and effective as possible.

Ms. Malik has served as a volunteer immigration attorney for Governor Pataki's Bureau of Citizenship and for Congressman Meeks' office. Ms. Malik has provided many hours of community service advising the public on immigration law for Governor Pataki's office, the New York Immigration Coalition, Asian Americans for Equality and the Caribbean-American Center of New York. Ms. Malik has served as an immigration consultant on WNPR with Maryanne McCune, Channel 7, Eyewitness News, New York 1 News and has been featured in the New York Law Journal for her volunteer work.

Learn more about attorney Pankaj Malik by clicking on her profile link below:

- Pankaj Malik

Contact our firm in Queens, Manhattan or elsewhere throughout New York City and the entire United States to speak with us about your legal concerns. Call toll free at 877-826-5369 to schedule an initial consultation. We speak your language. Our staff can communicate in English, Spanish, Russian, Hindi, Punjabi and Urdu.

Copyright © 2011 by Malik & Associates, P.C. All rights reserved. Disclaimer | Site Map

**Malik & Associates, P.C.**
7535 31st Ave , Suite 207A
East Elmhurst, NY 11370
Phone: 877-826-5369
Fax: 718-446-4362
Map and Directions

# Exhibit 15

# FURMAN KORNFELD & BRENNAN LLP

About Us | Core Principles | Attorneys | Practice Areas | FKB News | Client Login | Offices | Home

**Furman Kornfeld & Brennan LLP** is a firm founded by three veteran trial lawyers, each a former NYC prosecutor and native New Yorker. Collectively, **FKB's** partners have tried over 150 cases before judges and juries in federal and state courts throughout their careers.



**FKB** is dedicated to providing the highest quality legal services to its local, national and international clients. Our mission is to deliver exceptional legal services, and to build strong and lasting client relationships.

**FKB's** practice is founded upon our uncompromising desire for excellence, our ability to deliver cost-effective, result-oriented services, and our responsive and innovative attention to our clients' needs.

**FKB** provides a wide range of legal services. Applying our substantial trial and appellate experience and our vast experience and knowledge in our respective practice areas, we defend lawyers, medical and healthcare professionals, hospitals and diagnostic laboratories, brokers and agents and other professionals, as well as general liability claims of all types.

**FKB** also advises national and international insurers in various areas, including professional liability, healthcare, financial institutions, marine and non-marine liability and property risks. We use our expertise in these various areas to assist insurers in monitoring claims nationally, conducting coverage investigations and defending insurers in complex insurance coverage litigation. We also use our experience and knowledge to assist insurers in drafting insurance policies, and resolve insurance coverage disputes.

Home | Email | Site map | Client Rights | Disclaimer | Top of page

**FURMAN KORNFELD & BRENNAN LLP**

61 Broadway, 26th Floor, New York, NY 10006, 212-867-4100 / fax 212-867-4118

570 Taxter Road, 5th Floor, Elmsford, NY 10523, 914-920-4000 / fax 914-347-3898

# Exhibit 16

Hi, Michele  | Sign Out | Help           Preview Mail w/ Toolbar                    Yahoo!    Mail

# YAHOO!® HELP

Search                    Web Search

**Go Back to Yahoo! Mail**

# Is mail automatically deleted?

Last Updated: July 28, 2011

**Trash**

If it's sitting in your Trash, yes, mail is automatically deleted at an occasional interval. You can also completely delete it yourself, by clicking "Empty" beside your Trash.

After messages are emptied from Trash, they're permanently deleted from the Yahoo! Mail server and can't be recovered.

**Spam**

You can choose how long you want to keep messages in your Spam folder. You can choose to immediately delete upon receipt or keep messages for one week, two weeks, or one month. The default setting is one month.

To edit this feature:

1. Click "Options."
2. Click "Spam Protection."
3. Click the "Save these messages in the Bulk Folder for" button.
4. Choose a desired timeframe from the pull-down menu.
5. Click "Save Changes."

**Other Folders**

Mail in your Inbox and in all your other folders stays in your account as long as you want it to.

Copyright © 2011 Yahoo! Inc. All Rights Reserved. Privacy Policy | About Our Ads | Terms of Service | Help

# Exhibit 17

# Ed

**From:** Kushu Malik [kmalik@malikpc.com]
**Sent:** Tuesday, July 01, 2008 2:54 PM
**To:** Miranda Sookra
**Cc:** Sabita Singh; Ed
**Subject:** FW: keisha harris - Jermaine

Sabita the below is for FYI for you..

MIRANDA – please prep the POA requested

ED – please order title.. not a rush ! !! ☺

---

**From:** Latoya Jones [mailto:gatewayconsulting07@yahoo.com]
**Sent:** Tuesday, July 01, 2008 2:42 PM
**To:** Kushu Malik
**Subject:** keisha harris - Jermaine

Hello,

Here is the requested information:

Need to order title and for you to be Closing & Buyer's atty
and secure a sellers atty. Also, need Power of Attorney for seller to sign

Property Address: 110-49  167th Street, Jamaica, NY 11433

Seller: Adrian Thomas / SS#: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
1071 East 59th Street, Brooklyn, NY 11234
          Price: $250k - to -

Nickle Properties, LLC / 20-1666865
134-49  161st Street, Jamaica, NY 11434
          -to-

Keisha Anderson-Harris / SS# 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
107-05 Fern Place, Jamaica, NY 11433
Purchase Price - $460k

Please call me @ 516-569-4300 should you require additional information.

Thank you,

Arlene

9/10/2010

NMR005566