UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------- X
FEDERAL DEPOSIT INSURANCE CORPORATION
as Receiver for AmTrust Bank,

                        Plaintiff,

     -against-

PANKAJ MALIK; MALIK & ASSOCIATES,
P.C.; ARTISAN MORTGAGE COMPANY, INC.;
STREAMLINE MORTGAGE CORP.; LINK ONE
MORTGAGE BANKERS LLC; GLOBAL
FINANCIAL, INC.; RESOURCE ONE, INC.;
ACORN FUNDING GROUP, INC.; SI
MORTGAGE COMPANY; NMR ADVANTAGE
ABSTRACT LTD.; GEORGE ALDERDICE;
NICHOLAS A. PELLEGRINI; ANTONIETTA
RUSSO; and JOHN DOES 1-10,

                        Defendants.

------------------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

09-cv-4805(KAM)(JMA)

**MATSUMOTO, United States District Judge:**

        On November 4, 2009, plaintiff AmTrust Bank
("AmTrust") filed this action against various defendants to
recover losses stemming from fraudulent mortgage loan
transactions.  (ECF No. 1, Complaint filed 11/4/09 ("Compl.").)
Specifically, the complaint alleges that defendants, including
mortgage brokers, seller's attorneys, a closing attorney, and a
title agent, fraudulently procured mortgage loans from AmTrust
through "flip" transactions.  (Compl. at 1-4.)  On January 8,
2010, the court granted AmTrust's motion to substitute the
Federal Deposit Insurance Corporation ("FDIC" or "plaintiff") as
plaintiff for AmTrust pursuant to 12 U.S.C. § 1821.  On April

19, 2013, the Clerk of Court entered a certificate of default against six defendants: George Alderdice, Esq. ("Alderdice"), who acted as the seller's attorney; and mortgage brokers Genesis Home Mortgage Corp. ("Genesis"); Global Financial, Inc. ("Global"); Link One Mortgage Bankers LLC ("Link One"); Resource One, Inc. ("Resource One"); and Streamline Mortgage Corporation ("Streamline") (collectively, the "Brokers").[1]  (ECF No. 148, Entry of Default dated 4/19/13.)  Currently pending is plaintiff's motion for default judgment as to liability against the six defaulting defendants.[2]  (ECF No. 149, Mot. for Default Judgment filed 6/4/13.)  On August 29, 2013, the court referred plaintiff's motion for default judgment to Magistrate Judge Joan M. Azrack for a report and recommendation.  (Order Referring Motion, dated 8/29/13.)

## DISCUSSION

Presently before the court is a Report and Recommendation issued by Magistrate Judge Azrack on January 24,

---

[1]    The complaint alleges that Alderdice, an attorney, represented the seller in two loan transactions, and actively assisted defendants' fraudulent transactions by using a falsified earnest money check.  (Compl. ¶¶ 46-47, 138, 142, 300-327.)  As the R&R accurately notes, although the complaint alleges that Alderdice participated in two loan transactions, it provides details of only one loan transaction that Alderdice participated in, the loan for 697 Hempstead Boulevard, Uniondale (the "697 Hempstead Loan").  (R&R at 4-5.)

The complaint further alleges that the Brokers entered into a Master Broker Agreement ("Agreement") with AmTrust for fifteen loans (the "Subject Loans") and violated the terms of the Agreement by, *inter alia*, submitting false information and documents to AmTrust to secure loans and refusing to repurchase the fraudulent loans they originated.  (*See* R&R at 7-8.)

[2]    Plaintiff's motion only seeks a default judgment on the issue of liability.  Plaintiff has reserved its right to move for a default judgment on damages at a later stage in the proceedings.

2014, recommending that the court grant in part and deny in part plaintiff's motion for default judgment on the defaulting defendants' liability.  (ECF No. 161, Report and Recommendation dated 1/24/14 ("R&R") at 10-11.)  Specifically, Magistrate Judge Azrack recommended that the court enter a default judgment on the following liability issues: (1) Streamline is liable for breach of contract for breaching Paragraphs 8.1 and 9.1 of the Master Broker Agreement ("Agreement") for each of the Streamline loans; (2) Genesis is liable for breach of contract for breaching Paragraphs 8.1 and 9.1 of the Agreement for each of the Genesis loans; (3) Global is liable for breach of contract for breaching Paragraphs 8.1 and 9.1 of the Agreement for each of the Global loans; (4) Resource One is liable for breach of contract for breaching Paragraphs 8.1 and 9.1 of the Master Broker Agreement ("Agreement") for each of the Resource One loans; (5) Link One is liable for breach of contract for breaching Paragraphs 8.1 and 9.1 of the Master Broker Agreement ("Agreement") for the Link One loan; and (6) Alderdice is liable for fraud concerning the 697 Hempstead Loan.  Magistrate Judge Azrack also recommended denying plaintiff's motion, without prejudice with leave to renew, on two minor issues: (1) whether the Brokers breached Paragraph 7.3 of the Agreement for all of the Subject Loans, and (2) whether Alderdice committed fraud in connection with a second AmTrust loan.

3

As explicitly noted at the end of Magistrate Judge Azrack's R&R, any objections to the R&R were to be filed within fourteen days of receipt of the R&R.  (R&R at 11.)  The R&R was mailed to defendants by plaintiff on January 30, 2014 (ECF No. 162, Affidavit of Service dated 1/30/14), and plaintiff's counsel was served via the ECF filing system.   The period for filing objections has expired, and no objections to Magistrate Judge Azrack's R&R have been filed by either party.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record."  *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a careful review of Judge Azrack's detailed R&R and the record in this case, and finding no clear error, and considering that neither party has objected to any of Judge Azrack's thorough and well-reasoned recommendations, the court hereby adopts in full the R&R as the opinion of the court.  Accordingly, plaintiff's motion for default judgment as to liability is denied in part and granted in part as set forth in

Judge Azrack's Report and Recommendation dated January 24, 2014.

<u>**CONCLUSION**</u>

For the reasons set forth above, the court **grants** plaintiff's motion for default judgment declaring that: (1) Streamline is liable for breach of contract for breaching Paragraphs 8.1 and 9.1 of the Agreement for each of the Streamline loans; (2) Genesis is liable for breach of contract for breaching Paragraphs 8.1 and 9.1 of the Agreement for each of the Genesis loans; (3) Global is liable for breach of contract for breaching Paragraphs 8.1 and 9.1 of the Agreement for each of the Global loans; (4) Resource One is liable for breach of contract for breaching Paragraphs 8.1 and 9.1 of the Agreement for each of the Resource One loans; (5) Link One is liable for breach of contract for breaching Paragraphs 8.1 and 9.1 of the Agreement for the Link One loan; and (6) Alderdice is liable for fraud concerning the 697 Hempstead Loan.  The court **denies** without prejudice plaintiff's motion for default judgment on the issues of (1) whether the Brokers breached Paragraph 7.3 of the Agreement for all of the Subject Loans; and (2) whether Alderdice committed fraud in connection with a second AmTrust loan.  Plaintiff may renew its motion as to these issues and present additional evidence and/or arguments in conjunction with a motion on the issue of damages.

Plaintiff shall serve a copy of this Memorandum and

Order upon defendants and file a certificate of service via ECF within two business days of the date of this Order.  Plaintiff shall advise the court whether it will proceed with a motion to enter default judgment on damages as to the defaulting defendants.

**SO ORDERED.**

Dated:    February 25, 2014
          Brooklyn, New York

                                    _____/s/_____ _____ _____
                                    Kiyo A. Matsumoto
                                    United States District Judge
                                    Eastern District of New York