UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   <u>For Online Publication Only</u>
FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for AmTrust Bank,

                        Plaintiff,   **ORDER**

  -against-   09-cv-4805 (JMA)

PANKAJ MALIK; MALIK & ASSOCIATES,
P.C.; ARTISAN MORTGAGE COMPANY, INC.;
STREAMLINE MORTAGE CORPORATION;
GENESIS HOME MORTGAGE CORP.; LINK
ONE MORTGAGE BANKERS LLC; GLOBAL
FINANCIAL, INC.; RESOURCE ONE, INC.;
ACORN FUNDING GROUP, INC.; SI
MORTGAGE COMPANY; NMR ADVANTAGE
ABSTRACT LTD.; GEORGE ALDERDICE'
NICHOLAS A. PELLEGRINI; ANTONIETTE
RUSSO; and JOHN DOES 1–10,

                       Defendants.
----------------------------------------------------------------X

A P P E A R A N C E S:

William W. Jacobs
Joseph W. Muccia
James L. DeFeo
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
    *Attorneys for Plaintiff*

**AZRACK, United States District Judge:**

      The Court previously granted plaintiff's motion for default judgment against various defendants, including Global Financial, Inc. ("Global"), on the issue of liability.[1] Plaintiff then filed a motion for default judgment on the issue of damages. After the Court requested additional information concerning damages, plaintiff informed the Court that plaintiff is only

---

[1] The defaulting defendants are Global, Streamline Mortgage Corp., Genesis Home Mortgage Corp., Resource One, Inc., Link One Mortgage Bankers, LLC, and George Alderdice.

seeking damages stemming from Global's involvement in the loan for 179 Main Street, Mastic Beach, New York. For the reasons stated below, plaintiff is awarded a $125,030.38 default judgment against Global.

Although allegations pertaining to liability are deemed admitted upon entry of a default judgment, allegations related to damages are not. Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). A court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. Credit Lyonnais, 183 F.3d at 155 (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). To determine damages, the Court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or may rely upon affidavits and other documentary evidence provided by plaintiffs, obviating the need for a hearing on damages. See Transatlantic Marine, 109 F.3d at 111 ("We have held that, under Rule 55(b)(2), it [is] not necessary for the District Court to hold a hearing, as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment.").

Based on plaintiff's submission, I find that plaintiff has established, to a reasonable certainty, that it suffered $125,030.38 in damages. Accordingly, plaintiff is entitled to a judgment against Global in the amount of $125,030.38.

Plaintiff concedes that it suffered no damages with respect to the remaining loans that were addressed in the Court's decisions on liability, see ECF Nos. 161, 163. Accordingly, the following claims are hereby dismissed with prejudice: (1) plaintiff's claims against Global concerning the loans for 110-49 167th Street, Jamaica, and 98-31 211th Street, Queens Village; and (2) plaintiff's claims against the remaining defaulting defendants.

The Clerk of the Court is respectfully directed to enter judgment in accordance with this order.

SO ORDERED.

Dated: March 31, 2015
Central Islip, New York

                 /s/ (JMA)
                JOAN M. AZRACK
                UNITED STATES DISTRICT JUDGE